IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DAVALIN DEVELL MELTON, SR.                                   PLAINTIFF

V.                              CIVIL ACTION NO. 4:21-cv-00095-GHD-JMV

UNITED STATES OF AMERICA                                DEFENDANT

## MEMORANDUM OPINION

Presently before this Court is the Defendant's unopposed motion to dismiss [14]. Upon due consideration, the Court finds that the motion should be granted.

On September 2, 2021, the Plaintiff filed his amended complaint [3] pursuant to 18 U.S.C. § 925A, seeking a declaratory judgment stating that he is not prohibited by federal or state law from purchasing a firearm.[1] The Plaintiff filed this action after he attempted to purchase a firearm and was denied the ability to do so after a national instant criminal background check prevented his purchase [3].[2] Subsequent to the filing of the Plaintiff's amended complaint, the Defendant United States of America conducted an audit, determined that the Plaintiff is not prohibited under federal or state law from purchasing or possessing a firearm, and removed the database entry that was previously used to deny the Plaintiff the ability to purchase a firearm [14-1, 14-2].

---

[1] When an individual attempts to purchase a firearm, federal law requires the seller or holder of the firearm to contact the National Instant Criminal Background Check System (NICS), managed by the Federal Bureau of Investigation (FBI). 28 C.F.R. § 25.6(a). Using the NICS, the FBI conducts a search of its databases for any record indicating that the purchaser is prohibited from acquiring a firearm. 28 C.F.R. § 25.6(c). At the conclusion of the search, NICS issues a determination that the transaction either may proceed (is approved), is denied, or is delayed to allow NICS to conduct further research. *Id.*

[2] 18 U.S.C. § 925A provides a remedy to individuals aggrieved by an inability to purchase a firearm. That section states that "[a]ny person denied a firearm pursuant to subsection (s) or (t) of section 922 — (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the [NICS] established under section 103 of the Brady Handgun Violence Prevention Act ..; ... may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved.... . 18 U.S.C. § 925A.

The Defendant has now filed the present motion to dismiss [14], which the Plaintiff does not oppose, moving to dismiss this matter as moot pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) permits a party to move for dismissal of a case if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(b)(1). The Defendant asserts that subject matter jurisdiction no longer exists because the Plaintiff's claims are now moot and a case or controversy no longer exists between the parties [14, 15].

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of live cases and controversies. U.S. Const. Art. 3 § 2, cl. 1; *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter that implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed. App'x 329, 331 (5th Cir. 2005) (citation omitted). Further, a case may become moot when an "intervening factual event ... causes the [plaintiff] to no longer have a present right to be vindicated or a stake or interest in the outcome." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted); *Perez v. Dir., TDCJ-CID*, No. 9:19CV14, 2021 WL 3912200, at *1 (E.D. Tex. Aug. 13, 2021), *report and recommendation adopted*, No. 9:19CV14, 2021 WL 3885174 (E.D. Tex. Aug. 31, 2021).

The Defendant argues, and the Plaintiff does not object, that the Plaintiff's case has lost its character as a present and live controversy, rendering it moot [15]. Specifically, because there is

2

no longer any information in the NICS database that will prevent the Plaintiff from purchasing a firearm, and the Plaintiff has recently successfully completed the firearm purchase that was the subject of his amended complaint, the Plaintiff has received the relief he sought in this litigation and no case or controversy presently exists [*Id.*].

The Court agrees that this action is now moot and the Defendant's unopposed motion to dismiss should be granted. *Bowen v. United States*, No. 6:19-CV-9, 2021 WL 5162584, at *4 (S.D. Ga. Nov. 5, 2021); *Halverson v. United States*, 19-cv-477-jdp, 2020 WL 3058152, at *3 (W.D. Wisc. June 9, 2020) ("The government has approved the shotgun transfer and told Halverson that his past criminal record will not bar him from future firearm ownership, so there is no longer a case or controversy between the parties."); *Umbert v. United States*, No. 18-cv-1336 (TSC), 2019 WL 4305576, at *5 (D.D.C. Sept. 11, 2019) ("Because Chodosh, Bickel, and Stewart can purchase a firearm and can personally apply for a UPIN, there is no further relief that the court can grant them at this time."); *Perron v. Federal Bureau of Investigation*, No. C17-215-RAJ, 2018 WL 835713, at *2 (W.D. Wash. Feb. 13, 2018) ("Defendant represents that after reviewing the information in the NICS database, it has been determined that Plaintiff is able to purchase a firearm, and there is no information in the NICS databases that would prevent him from doing so. Defendant sent Plaintiff a letter informing him of this fact. Therefore, there is no controversy and Plaintiff's claim is moot."); *Myrick v. United States Dep't of Veteran Affs.*, No. 2:16cv555-MHT-WC, 2017 WL 1074362, at *7 (M.D. Ala. Mar. 1, 2017) ("Because the affidavits provided in this case indicate that Plaintiff is no longer listed in the NICS database or prohibited from exercising his Second Amendment rights in any way, there is no longer a live case or controversy between the parties, and the court cannot provide the relief that Plaintiff requests."), *report and recommendation adopted by* No. 2:16cv555-MHT, 2017 WL 1086181 (M.D. Ala. Mar. 20,

2017); *Wilson v. United States*, No. 1:14-CV-3023-TOR, 2014 WL 6997770, at *2 (E.D. Wash. Dec. 10, 2014) ("[W]hat relief the Court could order in regard to that attempted transaction has already been provided. At the time Plaintiff was denied his purchase, the Court could do nothing more than to order the NICS to correct the information in the database and to order that the transfer be approved. This has already been accomplished through the NICS appeal process.... [A]ny claim that Plaintiff had regarding the denial of his February 19, 2014, firearm purchase is now moot and is dismissed.").

In sum, the Defendant has demonstrated in its motion and exhibits that a case or controversy no longer exists between the parties and that the Court thus does not possess subject matter jurisdiction because the Plaintiff has received the relief he sought in his amended complaint. Further, while the Plaintiff requests attorney's fees in his amended complaint, no such award is being ordered given the mootness of this matter, the Plaintiff's lack of opposition to dismissal on mootness grounds, and because it is clear that such a request in a complaint seeking relief under 18 U.S.C. § 925A, when the underlying case or controversy becomes moot through the voluntary actions of the Defendant, may be denied. See, e.g., *McKay v. New York*, No. 16-CV-6834-FPG, 2018 WL 1046792, at *4 n.5 (W.D.N.Y. Feb. 26, 2018) ("[Section 925A] instructs that fees are limited to 'prevailing part[ies].' But 'a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur*' to make the plaintiff a 'prevailing party.' Thus, even if Plaintiff had a claim under the statute—which the Court has not determined—she would not be a 'prevailing party' eligible to receive attorney's fees.") (citations omitted); *Perron v. Fed. Bureau of Investigation*, No. C17-215 RAJ, 2018 WL 835713, at *3 (W.D. Wash. Feb. 13, 2018) ("[T]he information at issue has been corrected and Plaintiff may now purchase a firearm. However, Plaintiff is not a

4

prevailing party where relief is obtained through '[a] defendant's voluntary change in conduct.' ") (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 605 (2001)). Accordingly, the Court shall grant the Defendant's unopposed motion to dismiss and this matter shall be dismissed.

An order in accordance with this opinion shall issue this day.

SO ORDERED, this, the 19th day of July, 2022.

                                                 SENIOR U.S. DISTRICT JUDGE